MANLEY W. BROWN, Respondent, *v.* GEORGE H. HUBER, Appellant.

*Motion to set aside judgment because of an attorney's illness, and for leave to defend the action — when denied.*

Under what circumstances a motion made by the defendant in an action for leave to set aside a judgment entered against him and an execution issued thereon, and for permission to defend the action on the merits, because of the illness of his attorney at the time when the case was called for trial, is properly denied, considered.

APPEAL by the defendant, George H. Huber, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Essex on the 6th day of October, 1904, denying the defendant's motion to set aside a judgment theretofore entered in said clerk's office and an execution thereupon, and to be allowed to further defend the action upon the merits.

*Robert Dornburgh,* for the appellant.

*Frank B. Wickes,* for the respondent.

CHASE, J. :

Defendant is a resident of the city of New York but owns a hotel and other real property in the county of Essex. Plaintiff delivered merchandise at said hotel and it was there used. This action was commenced in September, 1903, to recover from the defendant for such merchandise. Defendant appeared in the action by one Dornburgh as his attorney and denied that he purchased or promised to pay for said merchandise. In February, 1904, an action was commenced by one Lockwood as attorney for another plaintiff against one Clark for merchandise delivered to and used at said hotel. Clark appeared in that action by said Dornburgh as his attorney and denied that he purchased or promised to pay for said merchandise. The controlling question in each case was whether Clark had purchased the merchandise mentioned individually or as the agent of the defendant in this action.

The first Trial Term in Essex county after said actions were at issue was held commencing May 16, 1904, at which term both of said actions were on the calendar and noticed for trial. About two weeks before said term defendant by letter employed said Lockwood to assist Dornburgh in the defense of this action. The witnesses were subpoenaed for May sixteenth. On that day the witnesses were all present in court except two who, by consent, remained at an adjoining town on a promise that they would be in court the next morning. Defendant attended from New York city and said Lockwood was with him. Said Dornburgh was taken ill on the morning of May sixteenth, at his office in a town in Essex county several miles from the county seat, and suffered from a lapse or

partial lapse of memory. He was taken to his home and there remained for four days too ill to attend to business. A physician was called to attend him and he made a certificate as follows: "This is to certify that I have professionally visited Robert Dornburgh this A. M. and find him in a most confused state of mind, and totally unable to transact any business, the cause thereof I am wholly at a loss to state." Dornburgh's stenographer gave the certificate to an attorney occupying offices in the same building with Dornburgh and asked him to present it to the court. At the opening of court defendant was present in person with Lockwood who had previously been employed to assist Dornburgh in the defense of this case. Defendant and Lockwood knew of Dornburgh's illness and, by an arrangement made between the attorneys for the plaintiff and said Lockwood, it was agreed that this action should be postponed until the next day to enable the defendant to have the witnesses present in court and to prepare for an application to postpone the trial of the action if defendant should decide to make such application, and the justice presiding at the Trial Term set the case down for the next day. On the same day defendant and his counsel, Lockwood, left the town where the court was held without making any further arrangement in regard to said case or as to the trial or postponement thereof. About noon on the next day the case was reached for trial and there was no appearance for the defendant. The attorney to whom the certificate of the physician had been given by Dornburgh's stenographer the previous morning handed it to the court and stated in substance that he had nothing to do with the case except to deliver the certificate in accordance with said request of Dornburgh's stenographer.

On the facts appearing as stated the court took the evidence offered by the plaintiff and rendered judgment against the defendant for $213.35 besides costs. In July thereafter and after an execution had been issued on said judgment the papers were prepared for this motion but the same was not heard until October third.

While the record shows that Dornburgh was actually ill on the day when the Trial Term convened, and remained too ill to attend to his duties as an attorney for several days thereafter, said Lockwood from his connection with the litigation must have been familiar with the facts relating to the issues to be tried.

If for any reason the defendant and his counsel were unwilling to proceed with the trial without Dornburgh they had sufficient time to procure affidavits showing that Dornburgh was too ill to be present on the second day of the court, and also of any other facts showing or tending to show that the trial of the action should be postponed.

On the evening of May sixteenth one of the plaintiff's attorneys talked with said Lockwood by telephone and asked him if he was not the defendant's attorney, and on his replying that he was, said : " I want to notify you that your case is set down for trial to-morrow morning and that you had better be there to see to it," to which Lockwood replied " all right."

This motion is made on behalf of the defendant. It is to relieve the defendant and not Dornburgh that the favor is asked.

The defendant, although unable to have Dornburgh at the trial, was not left unprotected by reason of his absence. He had all his witnesses in court and he should with Lockwood or other counsel have proceeded in the trial of the action on the merits or he should have made an application to the court to postpone the trial, but instead of doing so he deliberately abandoned the case and ignored the court and after going to see Dornburgh departed from the county. The judgment obtained in his absence seems to have been the natural result of his intentional disregard of the case and the court.

For such abandonment of the case and disregard of the court the defendant does not now offer any real excuse. The justice who presided at the Trial Term held the Special Term at which the order appealed from was made. He had personal knowledge of what occurred before him and he has exercised his discretion in denying the motion, and with such discretion we should not interfere in this case.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.